**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICK SOLOMON,

        Petitioner,               Case Number: 05-CV-74525

v.                                   HON. LAWRENCE P. ZATKOFF

WAYNE COUNTY SHERIFF,

        Respondent.
_____/

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

      This matter involves an unusual habeas corpus petition filed by one prisoner purportedly on behalf of another. Petitioner Rick Solomon has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that Marcus Johnson is currently unconstitutionally detained at the Wayne County Jail pending trial on a charge of armed robbery. Because Solomon has not established that he is authorized to file a petition on Johnson's behalf and because state court remedies have not yet been exhausted, the Court shall dismiss the petition without prejudice.

      An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. Id. First, "a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." Id. Second, "the 'next friend' must be truly dedicated to the best interests

of the person on whose behalf he seeks to litigate." Id. Courts impose these restrictions on who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Id. (Internal quotation omitted).

In this case, Solomon states that Johnson is his half brother and that he became aware that Johnson needed his assistance when he received a letter from an unidentified inmate at the Wayne County Jail. Solomon claims that Johnson is unable to write to him personally because Johnson is isolated from other prisoners and lacks access to writing materials. Given that Solomon has not spoken personally to Johnson, that he received his information regarding Johnson's situation from an unidentified prisoner, and has not been requested by Johnson to file a petition on Johnson's behalf, the Court cannot conclude that Solomon is not an "uninvited meddler[]," id., or that "extraordinary circumstances" exist to warrant conferring "next friend" status on Solomon. Herrera v. Redman, 1989 WL 15966 * 1 (6th Cir. 1989). Accordingly, the Court lacks jurisdiction to address this petition. Whitmore, 495 U.S. at 166 (dismissing petition for lack of jurisdiction where individual lacked standing to pursue habeas petition on prisoner's behalf).

Moreover, even assuming Solomon has standing to proceed as "next friend" of Johnson, the petition is subject to summary dismissal. The petition alleges that the warrant pursuant to which Johnson is held is insufficient because the warrant was actually issued for another individual. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." Prather v. Rees, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the

state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See* Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

Solomon fails to allege that Johnson has challenged the warrant in state court. While a federal court may address certain claims on habeas review before a trial is held in state court, exhaustion of state court remedies is still a prerequisite for consideration of such claims. *See* Atkins v. Michigan, 644 F.2d 543, 548 (6th Cir. 1981) (holding that federal court could address pretrial petition raising speedy trial claim where Michigan Court of Appeals and Michigan Supreme Court had each addressed the speedy trial claim on interlocutory appeal); Jenkins v. Montgomery County Jail, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims). Solomon has failed to demonstrate that Johnson has exhausted his claims in state court.

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." Urquhart v. Brown, 205 U.S. 179, 182 (1907). In this case, urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court have not been alleged. Similarly, this is not an extraordinary case justifying removal of the case from state court.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 5, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290